**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 22-cr-106-WJM

UNITED STATES OF AMERICA,

 Plaintiff,

v.

ARTHUR STEPHEN MILLS,

 Defendant.

---

**ORDER DENYING DEFENDANT'S OBJECTION TO
EXPERT DISCLOSURE AND MOTION *IN LIMINE***

---

  As set forth in the Amended Indictment, a grand jury has charged Defendant Arthur Stephen Mills with four counts of possession with intent to distribute controlled substances,[1] in violation of 21 U.S.C. § 841(a)(1) and various subsections of 841(b), one count of (completed) distribution of a mixture and substance containing a detectable amount of fentanyl, and one count of possession of a firearm by a prohibited person, in violation of 18 U.S.C. 922(g)(1). (ECF No. 110-1.) This matter is currently set for a 4-day jury trial beginning on June 12, 2023. (ECF No. 46.)

  This case is before the Court on Defendant's Objection to Government's Expert Disclosure and Motion *in Limine* to Exclude Impermissible Testimony ("Motion"). (ECF

---

[1] These include: (1) 50 grams and more of methamphetamine (actual) and 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine; (2) 400 grams and more of a mixture and substance containing a detectable amount of fentanyl; (3) 280 grams and more of a mixture and substance containing cocaine base; (4) 1 kilogram and more of a mixture and substance containing a detectable amount of heroin. (ECF No. 110-1 at 1–2.)

No. 68.)  The Government has filed a response (ECF No. 78), and Defendant has filed a reply (ECF No. 109).  For the following reasons, the Motion is denied.

## I. LEGAL STANDARDS

"The admission or exclusion of evidence lies within the sound discretion of the trial court . . . ."  *Robinson v. Mo. Pac. R.R. Co.*, 16 F.3d 1083, 1086 (10th Cir. 1994); *see also United States v. Golden*, 671 F.2d 369, 371 (10th Cir. 1982) ("Trial judges have discretion to decide whether an adequate foundation has been laid for the admission of evidence.").

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would without the evidence; and (b) the fact is of consequence in determining the action."  Relevant evidence is generally admissible and should only be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  "Irrelevant evidence is not admissible."  Fed. R. Evid. 402.

Rule 704 provides that "[i]n a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense.  Those matters are for the trier of fact alone."

The movant "has the burden of demonstrating that the evidence is inadmissible on any relevant ground," and a court "may deny a motion *in limine* when it lacks the necessary specificity with respect to the evidence to be excluded."  *Pinon Sun Condo. Ass'n v. Atain Specialty Ins. Co.*, 2020 WL 1452166, at *3 (D. Colo. Mar. 25, 2020)

(quoting *First Sav. Bank, F.S.B. v. U.S. Bancorp*, 117 F. Supp. 2d, 1078, 1082 (D. Kan. 2000)).

## II. ANALYSIS

The Government intends to call Denver Police Department Detective Brian Jeffers to testify as an expert on several topics related to narcotics trafficking. (*See generally* ECF No. 68.) Defendant concedes that certain topics on which the Government intends to elicit Detective Jeffers's testimony are permissible; however, he argues the following testimonial evidence should be excluded: (1) background regarding drug smuggling from Mexico, Mexican sources of supply, drug prices when procured directly from cartels, and "armed enforcers" associated with cartels; (2) the opinion that quantities of narcotics recovered by law enforcement in this case are "more consistent with distribution than personal use"; and (3) background about "the use of firearms in connection with the illicit trafficking of narcotics." (*Id.* at 4–5.)

### A.  Drug Smuggling

Defendant challenges "several proposed topics of Detective Jeffers's testimony" as excludable under "a straightforward [Rule] 403 analysis." (*Id.* at 4.) In Defendant's view, because he "is not accused of being a drug smuggler or acting as an armed enforcer for a narco-trafficker," "Detective Jeffers's exposition of this material is [of] negligible" to "no probative value." (*Id.*) On the other side of the figurative Rule 403 scale is the "potential to not only mislead and confuse the jury, but also to significantly prejudice" Defendant by exposing the jury to these "highly inflammatory topics." (*Id.*)

The Government responds that "Defendant misunderstands the probative value of Detective Jeffers'[s] testimony on these topics," and therefore erroneously discounts it. (ECF No. 78 at 2.) According to the Government, the objected-to testimony

3

Detective Jeffers will provide is background necessary for the jury to understand the implication of the manner in which "most of the narcotics recovered in this investigation were packaged." (*Id.*) Specifically, they were packaged in a manner that is commonly used by drug smugglers to avoid detection when bringing controlled substances into the United States for distribution. (*Id.*) And because drugs packaged in this manner are most likely to be possessed by individuals "near the top of drug distribution chains," the Government argues Detective Jeffers's testimony, considering together with the way the drugs were packaged, tends to show that Defendant intended to distribute the drugs allegedly in his possession. (*Id.*)

The Court finds the Government's argument more compelling. As the Government pointed out, "exclusion under Rule 403 is 'an extraordinary remedy [that] should be used sparingly.'" *United States v. Murray*, 31 F.4th 1274, 1291 (10th Cir. 2022) (quoting *United States v. Irving*, 665 F.3d 1184, 1213 (10th Cir. 2011)) (alteration in *Murray*). This is, of course, because evidence's probative value must be *substantially* outweighed by the danger of *unfair* prejudice, misleading the jury, confusing the issues, or other undesirable outcomes. Fed. R. Evid. 403. The Court is convinced that the background Detective Jeffers is expected to offer on these topics will assist the jury in determining the purpose for which Defendant allegedly possessed the recovered narcotics. Further, to the extent Defendant's possession of narcotics packaged in a manner known to be used in drug smuggling implies he may have been involved in a larger drug distribution network, such prejudice is not unfair because he is charged with four counts of possession with intent to distribute and one count of completed distribution of controlled substances. *See United States v. Martinez*, 938 F.2d 1078,

4

1082 (10th Cir. 1991) ("Evidence is not unfairly prejudicial simply because it is damaging to an opponent's case. Rather, the evidence must have 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" (citations omitted) (quoting Fed. R. Evid 403 advisory committee's note to 1972 proposed rule)).

Therefore, with respect to Detective Jeffers's anticipated testimony on these topics, the Motion is denied.

**B.     Distribution Amounts**

Defendant next challenges Detective Jeffers's anticipated testimony that the quantities of drugs he allegedly possessed "are more consistent with drug distribution than personal use." (ECF No. 68 at 4 (quoting *id.* at 9).) Defendant asserts that if the Court permits this testimony, "it would be committing what the Tenth Circuit has held to be reversible error because it would be allowing testimony about the defendant's mental state in violation of Rule 704(b)." (*Id.*) Notably, while Defendant quotes Rule 704(b), he cites no Tenth Circuit case—or any case at all—to support the proposition that the objected-to testimony runs afoul of Rule 704(b).

As the Government points out, the Tenth Circuit has addressed this kind of evidence recently in *United States v. Draine*, 26 F.4th 1178 (10th Cir. 2022). (ECF No. 78 at 3.) In *Draine*, one of the officers who conducted a traffic stop that resulted in the seizure of heroin testified as an expert[2] that "the 'large amount' of heroin found . . . would 'definitely [be] a distribution' and 'would be used for distribution.'" *Id.* at 1183,

---

[2] Though the officer was not qualified as an expert by the district judge, the Tenth Circuit conducted the Rule 704(b) analysis with the understanding that he gave expert rather than lay opinion testimony at trial. *See Draine*, 26 F.4th at 1186–88, 1190–92. The Court notes that it has qualified Detective Jeffers on these issues under Rule 702 in two prior trials.

5

1191.  In a single terse paragraph of analysis, the Tenth Circuit concluded that this testimony did not violate Rule 704(b).  *Id.* at 1191.  Testimony that the quantity of drugs recovered "indicate[s] distribution" is neither a conclusion nor a profession of knowledge about a criminal defendant's mental state.  *Id.*  And while *Draine* is a particularly recent and factually analogous case, it is a longstanding principle that "the rules do not prevent an expert from drawing conclusions about intent, so long as the expert does not profess to know a defendant's intent."  *United States v. Schneider*, 704 F.3d 1287, 1294 (10th Cir. 2013) (citing *United States v. Orr*, 68 F.3d 1247, 1252 (10th Cir. 1995)).

Therefore, with respect to Detective Jeffers's anticipated testimony on this topic, the Motion is denied.

**C.     Firearms as Tools of Narcotics Trafficking**

Lastly, Defendant asserts Detective Jeffers's anticipated testimony regarding "the use of firearms in connection with the illicit trafficking of narcotics" should be excluded under Rule 403 because he is "not charged with possessing any firearms in furtherance of drug trafficking."  (ECF No. 68 at 5.)  Therefore, he argues "many of the topics in that section of the government's notice" are "substantially more prejudicial than probative."  (*Id.*)

The Government argues this testimony is relevant under a "tools of the trade" theory.  (ECF No. 78 at 4–5.)  Not much else need be said.  The Tenth Circuit has explained that "[s]ome items like 'firearms, large sums of cash, weighing scales, and uncharged quantities of illegal drugs' are generally viewed as 'tools of the trade'—'that is, means for the distribution of illegal drugs.'"  *United States v. Hall*, 473 F.3d 1295, 1304 (10th Cir. 2007) (quoting *Martinez*, 938 F.2d at 1083).  "The Government is not required to prove that the firearms or ammunition were used for a particular transaction

6

in order for the evidence to be probative." *Id.* Despite Defendant's protestation (*see* ECF No. 109 at 2), the Tenth Circuit has specifically "upheld the admission of *expert testimony* detailing the significance of 'a drug dealer's tools of [the] trade.'" *United States v. Becker*, 230 F.3d 1224, 1231 (10th Cir. 2000) (alteration in original) (emphasis added) (quoting *United States v. McDonald*, 933 F.2d 1519, 1522 (10th Cir. 1991)).

Therefore, with respect to Detective Jeffers's anticipated testimony on this topic, the Motion is denied.

### III. CONCLUSION

For the reasons set forth above, Defendant's Objection to Government's Expert Disclosure and Motion *in Limine* to Exclude Impermissible Testimony (ECF No. 68) is DENIED.

Dated this 7th day of June, 2023.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge

7