**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 22-cr-106-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ARTHUR STEPHEN MILLS,

    Defendant.

---

**ORDER OVERRULING DEFENDANT'S OBJECTION TO
GOVERNMENT'S NOTICE OF INTENT TO OFFER 404(b) EVIDENCE**

---

As set forth in the Amended Indictment, a grand jury has charged Defendant Arthur Stephen Mills with four counts of possession with intent to distribute controlled substances,[1] in violation of 21 U.S.C. § 841(a)(1) and various subsections of 841(b), one count of (completed) distribution of a mixture and substance containing a detectable amount of fentanyl, and one count of possession of a firearm by a prohibited person, in violation of 18 U.S.C. 922(g)(1). (ECF No. 110-1.) This matter is currently set for a 4-day jury trial beginning on June 12, 2023. (ECF No. 46.)

Currently before the Court is Defendant's Objection to Government's Notice of Intent to Offer 404(b) Evidence ("Objection"). (ECF No. 79.) The Government has filed its response. (ECF No. 114.) For the reasons set forth below, the Objection is

---

[1] These include: (1) 50 grams and more of methamphetamine (actual) and 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine; (2) 400 grams and more of a mixture and substance containing a detectable amount of fentanyl; (3) 280 grams and more of a mixture and substance containing cocaine base; (4) 1 kilogram and more of a mixture and substance containing a detectable amount of heroin. (ECF No. 110-1 at 1–2.)

1

overruled.

## I. BACKGROUND

On May 26, 2023, the Government notified Defendant of its intent to call a confidential informant ("CI") as a witness at trial. (ECF No. 75-1 at 1.) The Government anticipates that the CI will testify about a controlled purchase of drugs allegedly made from Defendant on or about February 9, 2022. (*Id.*) During this anticipated testimony, the CI will explain the nature of his[2] relationship with Defendant, and the CI may reference prior occasions on which he obtained controlled substances from Defendant. (*Id.*) According to the Government, covering this ground is necessary for the jury to understand how the CI has first-hand knowledge of Defendant and why he can identify Defendant as the person from whom he obtained controlled substances during the February 9, 2023, controlled purchase. (*Id.*)

The Government indicated to Defendant that it does not believe this evidence falls within Federal Rule of Evidence 404(b); however, "out of an abundance of caution," it notified Defendant in writing of its intent to use this evidence. (*Id.*) The Government asserts in its notice that even if the CI's testimony falls within Rule 404(b), it is admissible for the proper, non-propensity purposes of: (1) proving his knowledge of Defendant; (2) proving Defendant's identity as the person who sold him drugs during the February 9, 2022, controlled purchase; and (3) proving his credibility. (*Id.*)

For the purpose of this Order, the Court assumes, without deciding, that the Government's proffered evidence is prior-act evidence within the scope of Rule 404(b).

---

[2] While the Government never indicates the CI's gender, for the purpose of this Order, the Court uses he/him pronouns to avoid awkward sentence structure and reduce repetition.

## II. LEGAL STANDARDS

Federal Rule of Evidence 404(b) provides:

> (1) Prohibited Uses.  Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) Permitted Uses.  This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.
>
> (3) Notice in a Criminal Case.  In a criminal case, the prosecutor must:
>
>> (A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
>>
>> (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
>>
>> (C) do so in writing before trial--or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

A court considers a four-factor test when determining the admissibility of evidence under Rule 404(b). The test requires that:

> (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

*United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000) (quotation omitted); *see*

*Huddleston v. United States*, 485 U.S. 681, 691–92 (1988) (discussing four sources that

serve as "the protection against . . . unfair prejudice" when admitting evidence under Rule 404(b)).

## III. ANALYSIS

### A.   Proper Purpose

Defendant argues that "no inference can be drawn from" the CI's anticipated testimony "other than [that Defendant has a] propensity" to distribute drugs. (ECF No. 79 at 2.)

The Government disagrees, asserting the CI's testimony is being offered for proper purposes. (ECF No.114 at 4.) The Government anticipates he will testify about the February 9, 2022, controlled buy, which took place inside Defendant's residence outside law enforcement surveillance and was not recorded. (*Id.*) Therefore, according to the Government, the CI's credibility with respect to how he knew Defendant, why Defendant would trust him, his proper identification of Defendant, and his description of drugs Defendant allegedly showed and sold to him will be critical. (*Id.*) In essence, the Government's position is that it will elicit testimony from the CI about prior drug transactions with Defendant *not* so that the jury can find Defendant must have distributed drugs on February 9, 2022, because he distributed drugs in the past; rather, the Government will ask the jury to rely on this testimony to conclude that the CI is telling the truth about how the controlled buy came to pass and what he saw and did during that unrecorded interaction. (*Id.*)

The Court finds the Government has met its burden of identifying "specifically the permissible purpose for which such evidence is offered and the inferences to be drawn therefrom." *United States v. Youts*, 229 F.3d 1312, 1317 (10th Cir. 2000).

4

**B.      Relevance**

Even if the CI's testimony is offered for a proper purpose, Defendant asserts the Government failed to provide a timeframe or "other specifics regarding its proposed evidence." (ECF No. 79 at 2.) This failure, he urges, prevents him or the Court from assessing whether the CI's testimony would be relevant to any offense charged in this case. (*Id.*) "[P]rior narcotics involvement is relevant when that conduct is 'close in time, highly probative, and similar to the activity with which the defendant is charged.'" *United States v. Becker*, 230 F.3d 1224, 1232 (10th Cir. 2000).

The Court is unconvinced. The U.S. Court of Appeals for the Tenth Circuit has explained that "[f]our to six years transcends [its] conception of 'close in time.'" *Id.* On the other hand, the Tenth Circuit has upheld the admission of prior acts that occurred approximately one to three years prior to conduct giving rise to the instant criminal case. *Id.* (citing *United States v. Ramirez*, 63 F.3d 937, 943–44 (10th Cir. 1995); *United States v. Record*, 873 F.2d 1353, 1372–76 (10th Cir. 1986)). As the Government noted, the CI allegedly met Defendant during the winter of 2019–20 and engaged in prior drug transactions with Defendant during 2020, approximately two years before the controlled buy on February 9, 2022. (ECF No. 114 at 2.) While *Becker* "did not establish a bright-line rule for the relevance of other-acts evidence," it strongly suggests that remoteness in time is not a concern under these facts. *United States v. Watson*, 766 F.3d 1219, 1240 (10th Cir. 2014). In any event, the context for the Tenth Circuit's disclaimer that *Becker* did not create a bright-line rule was to clarify that "similarity of prior acts to the charged offence may outweigh concerns of remoteness in time." *Id.* (quoting *United States v. Meacham*, 115 F.3d 1488, 1495 (10th Cir. 1997)) (alteration omitted).

The Court concludes the CI's anticipated testimony is sufficiently close in time to

be admitted under Rule 404(b).

**C.     Rule 403**

Defendant's final argument is that the risk that the jury will rely on the CI's testimony about alleged prior drug deals for an improper purpose substantially outweighs the testimony's probative value.  (ECF No. 79 at 3–4.)  Predictably, the Government disagrees.  (ECF No. 114 at 5–6.)

As the Court has already discussed, *see supra* Parts III.A–B, the CI's testimony is highly probative of his knowledge of Defendant and his credibility overall.  This information in turn is critical to the jury's evaluation of his testimony regarding what happened during the February 9, 2022, controlled buy, which was not electronically recorded.  *See Old Chief v. United States*, 519 U.S. 172, 184–85 (1997) ("[W]hen Rule 403 confers discretion by providing that evidence 'may' be excluded, the discretionary judgment may be informed not only by assessing an evidentiary item's twin tendencies [of probative value and risk of unfair prejudice], but by placing the result of that assessment alongside similar assessments of evidentiary alternatives.").

The Court recognizes that there is a risk of unfair prejudice to Defendant— however, any such risk must *substantially* outweigh the evidence's probative value for his argument to prevail.  Fed. R. Evid. 403.  The CI is a critical witness whose credibility and anticipated identification of Defendant is at the center of the Government's case with respect to Count Five.  Though Defendant seeks to undermine this probative value, the Court sees the anticipated evidence differently.  This view is only further reinforced by the availability of a limiting instruction, which courts assume that jurors obey.  *See Francis v. Franklin*, 471 U.S. 307, 324 n.9 (1985) (explaining that, absent "extraordinary situations," courts "adhere to the crucial assumption underlying our constitutional

system of trial by jury that jurors carefully follow instructions").

The Court concludes the CI's anticipated testimony is not precluded by Rule 403.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Objection to Government's Notice of Intent to Offer 404(b) Evidence (ECF No. 79) is OVERRULED.


Dated this 8th day of June, 2023.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge